# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Martine P. Gooden,
    Plaintiff

vs

Case No. 1:08-cv-115
(Weber, J.; Hogan, M.J.)

Garvin S. Bradshaw, et. al.,
    Defendants

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's First Motion for Summary Judgment (Doc. 24); Plaintiff's Memorandum in Opposition to Defendant's First Motion for Summary Judgment (Doc. 30); Defendant's Reply thereto (Doc. 38); and Plaintiff's Supplemental Memorandum Opposing Defendant's First Motion for Summary Judgment (Doc. 37).

Also before the Court is Plaintiff's Motion for Protective Order/Motion for Separation Order (Doc. 7); Defendant's Memorandum in Opposition to Plaintiff's Motion for Protective Order/Motion for Separation Order (Doc. 14); and Plaintiff's Reply thereto (Doc. 16).

## BACKGROUND

Plaintiff is a prisoner currently incarcerated at the Lebanon Ohio Correctional Facility (LeCI). Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 against Defendant Darren Long asserting a failure to protect claim. (Doc. 3). Plaintiff alleges that, on July 17, 2007, he was assaulted by a fellow inmate as a result of Defendant's failure to protect him. Thereafter, in September of 2007, Plaintiff states that he filed an Informal Complaint alleging a failure to protect. (Doc. 31, Affidavit of Martine P. Gooden at ¶ 2). Plaintiff then filed a Notification of Grievance in October, 2007, and an appeal of the Grievance disposition in December, 2007. (Id.). However, Documentation attached to Plaintiff's affidavit indicates that he filed his Appeal on April 5, 2008. (Doc. 31, Gooden Aff., Attachment 1).[1]

Defendant filed the present motion arguing that Plaintiff did not file an appeal with the Chief Inspector's Office and therefore, has failed to exhaust his administrative remedies prior to filing his Complaint in this matter. For this reason, Defendant contends that Plaintiff's Complaint should be dismissed.

---

[1] Plaintiff also attached documentation of a second Grievance filed on May 6, 2008 concerning his failure to protect claim. (Doc. 31, Gooden Aff., Attachment 1)

## OPINION

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Id.* at 520. Furthermore, the exhaustion requirement applies to claims of excessive force, *Porter*, 534 U.S. 516 (2002); *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999), and where plaintiff seeks only monetary relief. *See Booth v. Churner*, 121 S.Ct. 1819 (2001); *Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999). Proper exhaustion requires that prisoners complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

2

The administrative grievance procedure for Ohio inmates is set forth in Ohio Admin. Code § 5120-9-31. Inmates should first attempt to resolve their grievances informally by contacting the responsible staff member in person or in writing. If the matter is not resolved, inmates may file a formal grievance with the inspector of institutional services who shall investigate the grievance. Ohio Admin. Code § 5120-9-31(F). The inspector of institutional services must maintain a written record of his investigations as well as his conclusions and recommendations or actions on the grievance. Ohio Admin. Code § 5120-9-31(H)(4). If a grievance is not resolved by the institutional inspector within fifteen working days, inmates are entitled to file their grievance directly with the chief inspector of the Ohio Department of Rehabilitation and Correction (ODRC). Ohio Admin. Code § 5120-9-31(H)(5). If inmates are dissatisfied with the resolution of their grievance by the institutional inspector, they may appeal in writing to the chief inspector upon a form provided for that purpose within five working days. Ohio Admin. Code § 5120-9-31(H)(8). The chief inspector shall notify inmates of the decision on appeal within twenty days. *Id.*

By Plaintiff's own admission, he filed an Informal Complaint regarding his failure to protect claim in September of 2007. Pursuant to Ohio Administrative Code § 5120-9-31, the first step of the grievance procedure is for an inmate to file an Informal Complaint within fourteen days following the event from which the grievance arises. Plaintiff alleges that he was assaulted on July 17, 2007. (Doc. 3, at ¶2). Plaintiff, therefore, failed to comply with the applicable deadlines regarding the administrative review process. As such, Plaintiff has failed to exhaust his administrative remedies and his Complaint is barred. *See Jones*, 549 U.S. at 217-18; *Woodford*, 548 U.S. at 90.

For the reasons stated above, we find that Plaintiff has failed to exhaust his administrative remedies with respect to his failure to protect claim.

Plaintiff also seeks a Protective Order and requests that he be transferred from LeCI. (Doc. 7). In determining whether to issue a temporary restraining order, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

3

*U.S. v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1398 (6th Cir. 1991); *In Re King World Productions, Inc.*, 898 F.2d 56, 59 (6th Cir. 1990); *Project Vote! V. Ohio Bureau of Employment Services*, 578 F. Supp. 7, 9 (S.D. Ohio 1982) (Spiegel, J.). *See also Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991); *Newsom v. Norris*, 888 F.2d 371, 373 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985).

In light of the Court's finding that Plaintiff has failed to exhaust his administrative remedies, we find that Plaintiff cannot shown a substantial likelihood of success on the merits. Moreover, a preliminary injunction is not warranted in this case because the purpose of a preliminary injunction, that is, to preserve the *status quo* until a trial on the merits can be held, *see Martin*, 924 F.2d at 102, would not be served. The present *status quo* in this case is, according to Plaintiff, that he has suffered a violation of his constitutional rights under the Eighth Amendment. The remedy Plaintiff presently seeks is more than an injunction maintaining the *status quo*; he seeks an Order from this Court requiring Defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.* Accordingly, we find that Plaintiff's Motion for Protective Order/Motion for Separation Order (Doc. 7) should be denied.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendant's Motion for Summary Judgment (Doc. 24) be GRANTED;

2) Plaintiff's Motion for Protective Order/Motion for Separation Order (Doc. 7) be DENIED;

2) Plaintiff's Complaint be DISMISSED and this case be TERMINATED upon the Court's docket.

3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date 3/19/09

Timothy S. Hogan
United States Magistrate Judge

4

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

E:\Prisoner1983\Gooden\msj.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Martine P. Gooden<br># 519-106<br>Pickaway Corr. Inst.<br>PO Box 209<br>Orient, OH 43146 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 4667 |

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509

1:08cv115 Doc. 54